```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

TRESSA TAYLOR MOORE,           )
                               )
            Plaintiff,         )
                               )
v.                             )    Case No. CIV-12-485-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )
```

## REPORT AND RECOMMENDATION

Plaintiff Tressa Taylor Moore (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 29, 1952 and was 58 years old at the time of the ALJ's decision. Claimant completed a college degree. Claimant has worked in the past as a teacher and principal. Claimant alleges an inability to work beginning August 5, 2008 due to limitations resulting from injuries to her back, legs, feet, elbows, and hands sustained in a motor vehicle

3

accident. Claimant also asserts she suffers from mental impairments.

## Procedural History

On August 24, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 30, 2010, an administrative hearing was held before Administrative Law Judge ("ALJ") Trace Baldwin. On April 28, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on October 3, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from a severe impairment, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. The ALJ also found Claimant could perform a narrowed range of light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

properly evaluate the opinion of a treating orthopedic surgeon; and (2) reaching a flawed RFC.

## Treating Physician's Opinion

In his decision, the ALJ determined Claimant suffered from the severe impairment of lumbar degenerative disc disease. (Tr. 12). He found Claimant retained the RFC to lift/carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 6 hours out of an 8 hour workday, and sit for 6 hours out of an 8 hour workday. Claimant could only occasionally climb ramps and stairs but could never climb ropes, ladders, or scaffolds. She could frequently balance but could only occasionally stoop, kneel, crouch, or crawl. The ALJ concluded Claimant could perform a narrowed range of light work. (Tr. 13). He also determined Claimant retained the RFC to perform her past relevant work as a teacher and principal. (Tr. 19). The vocational expert employed in the case testified that Claimant's past work was at the skilled and light exertional level. Id.

Claimant first contends the ALJ failed to properly evaluate the opinion of Dr. Randall L. Hendricks, a treating physician. On September 25, 2009, Claimant was seen by Dr. Hendricks. He noted that in a March, 2009 visit, Claimant was advised that she would require an L4-5 decompression and fusion. Claimant expressed fear

5

to have the surgery, noting that her brother and other acquaintances had surgery and did not do well. Dr. Hendricks acknowledged Claimant's complaints of increased leg pain, numbness, tingling and the fact she had fallen multiple times. Dr. Hendricks maintained Claimant's need for the surgery and Claimant expressed a wish to proceed with the surgical procedure. At this appointment, Dr. Hendricks prescribed a quad cane because he thought it imperative that Claimant quit falling. (Tr. 313).

In Dr. Hendricks' March 4, 2009 examination, he concluded Claimant's L4-5 disc was spondylotic and protruding with substantial left foraminal stenosis at the L4-5 level. (Tr. 294). Claimant's reflexes were reduced at both the knee and ankle. (Tr. 295).

The ALJ referenced Claimant's two visits to Dr. Hendricks in his decision. (Tr. 15). The ALJ included Dr. Hendricks' prescription for a quad cane in his recitation. Id. He did not, however, include any restriction for the use of a cane in his RFC evaluation or include an analysis for rejecting Dr. Hendricks' opinion. Similarly, the ALJ did not include an accommodation for Claimant's reduced reflexes.

The ALJ is required to give it controlling weight, unless circumstances justify giving it a lesser weight. In deciding how

much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6)

7

other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

While Defendant attempts to reference other medical evidence in the record to justify a rejection of Dr. Hendricks' findings and prescription, the ALJ did not engage in such an analysis. Defendant's post hoc justification for the ALJ's ignoring of Dr. Hendricks' findings cannot now form the basis for the ALJ's omission. The ALJ must make the findings in his decision. Franz v. Astrue, 509 F.3d 1299, 1302 (10th Cir. 2007). On remand, the ALJ shall discuss Dr. Hendricks' findings and make the appropriate analysis.

**RFC Determination.**

Claimant also suggests the ALJ failed to include all of her limitations in his RFC evaluation. Clearly, the failure to discuss Dr. Hendricks' prescription for a quad cane in connection with her ability to lift and carry up to 20 pounds as well as standing and walking for 6 hours in an 8 hour day are affected by the balance issues found by Dr. Hendricks.

Moreover, the ALJ referenced and adopted Dr. Rodney T. Routsong's finding that Claimant is functioning at least at the sedentary level. (Tr. 16, 366). However, the ALJ did not discuss the inconsistency of ultimately concluding Claimant could function at the light work level.

Additionally, with regard to Claimant's mental condition, The ALJ appears to have selectively discussed the findings of Dr. Robert L. Spray's consultative examination from December 14, 2009, including some of Dr. Spray's findings but excluding in particular mild to moderate concentration problems, memory problems, and persistence problems during the examination. (Tr. 12, 325). On remand, the ALJ shall re-evaluate Claimant's mental status and include any such medically supported restrictions within his RFC determination.

## Conclusion

The decision of the Commissioner is not supported by

9

substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE